PHILLIP WALKER v. THE STATE INSURANCE COMPANY.

INSURANCE.—*Application, Parol Evidence to Vary.* Where an application for insurance has been reduced to writing, and the applicant has had an opportunity to read the same, but signs it without reading it, and there is no fraud practiced, and the applicant afterward receives the policy of insurance based upon such application, and retains it for several months without objection, he cannot, in an action brought upon a note given for the premium on such policy, vary or contradict the statements in the written application by parol evidence.

*Error from Elk District Court.*

THE case is stated in the opinion.

*A. M. Jackson,* for plaintiff in error.

*Thos. H. Bain,* for defendant in error.

Opinion by GREEN, C.: This was an action on a promissory note executed on the 9th day of April, 1886, by Phillip Walker to the State Insurance Company, of Des Moines, Iowa, for $51.50, and due April 1, 1887, given in payment of the premium on an insurance policy. The case came on appeal

to the district court of Elk county, where it was tried, and judgment was rendered in favor of the defendant in error. The defense sought to be made by the maker of the note was, that there was a failure of consideration, and fraud and deceit practiced in the procurement of the note; that the insurance policy was to cover some stock which the defendant below had, but was not in fact included in the application or the policy; that the agents of the company had him sign the application, which they had filled out, without reading it; that the policy did not insure the property which he requested the agents to have insured.

It is claimed that the court erred in not permitting the defendant below to introduce evidence tending to contradict the application which he had signed.   There is no question raised but that the policy was in accordance with the application. The defendant stated upon the trial that he took the application in his hands to read, but he was ashamed to say that he signed it without reading it, and his only excuse was that he did not have a desirable opportunity to read it.   There is no pretense but that the defendant could have read the application before he attached his signature to it, if he had desired to do so.   The application itself cautioned him to read it before signing it, to see that each question was fully and truthfully answered.   There was no fraud shown in the procurement of the application, and the statement of counsel is not borne out by the record, that the consideration of the note had wholly failed.   It was in evidence that the defendant received his policy and retained it for some months before he made any objection to it.   On the 31st day of January, 1887, he wrote to the company about having his policy canceled, but said nothing about the fraud practiced upon him by the agents; and, again, on February 7, 1887, he wrote the company that he would pay short rates on his policy and to figure it up so he could obtain a cancellation.   This was a recognition of the policy, and showed some consideration for the note.

The court properly excluded the evidence by which it was

attempted to vary and contradict the statements of the written application. We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.